**Therese M. HARDING, As Executrix of the Estate of Kenneth H. Watrous, Plaintiff–Appellee,**

**v.**

**Kent D. BORNER, John A. Moulson, Robert M. Congdon, Defendants–Appellants.**

**Town of Preston, Town of Preston Inland Wetlands Commission, Leonard Johnson, Defendants.**

**No. 13–3059–cv.**

United States Court of Appeals, Second Circuit.

Sept. 5, 2014.

Thomas R. Gerarde (Emily E. Cosentino, on the brief), Howd & Ludorf, LLC, Hartford, CT, for Appellants.

Edward E. Moukawsher, Groton, CT, for Appellee.

Present JOHN M. WALKER, JR., RICHARD C. WESLEY and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Defendants–Appellants appeal from a February 16, 2011 order concluding that the Preston Inland Wetlands and Watercourses Commission ("IWWC") lacked jurisdiction over Plaintiff–Appellee's property and granting Plaintiff–Appellee's motion for partial summary judgment on that issue; from a March 25, 2013 judgment entered against Defendants–Appellants following a jury trial; and from a July 23, 2013 order and a July 25, 2013 judgment denying Defendants–Appellants' renewed motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure.[1]

We review orders granting summary judgment de novo and determine whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). "A district court may set aside a jury's verdict pursuant to Rule 50 only where there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 127–28 (2d Cir.2012) (internal quotation marks omitted).

Although we conclude that the IWWC lacked jurisdiction over Watrous's property and affirm the district court's order granting partial summary judgment on that issue, we recognize that the scope of the IWWC's jurisdiction is a difficult question. Were the Appellants' improper exercise of jurisdiction the only basis for Watrous's claim, Appellants might be entitled to qualified immunity on the ground that the right violated was not "clearly established." In this case, however, evidence of Appellants' other conduct with regard to Watrous's property was more than sufficient to support both the district court's conclusion that Appellants were not entitled to qualified immunity and the jury's verdict in favor of Watrous.

We have considered all of Appellants' arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is **AFFIRMED.**

---

1. *Watrous v. Town of Preston*, No. 3:10–CV–597 (JCH), 2011 WL 674028 (D.Conn. Feb. 16, 2011); *Watrous v. Borner*, No. 3:10–CV– 597 (JCH), 2013 WL 3818591 (D.Conn. July 23, 2013).